# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID A. MUHAMMAD, | : | CIVIL NO: 3:21-CV-00590 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Schwab) |
| IMAM ABU ABAS MOOSA RICHERSON, *et al.*, | : | |
| Defendants. | : | |

## ORDER
May 12, 2021

**I. Introduction.**

Plaintiff Walid A. Muhammad asserts claims under 42 U.S.C. § 1983. After screening the complaint, we conclude that the complaint fails to state a claim upon which relief can be granted. But we will grant Muhammad leave to file an amended complaint.

**II. Background.**

Muhammad, a prisoner at the State Correctional Institution Mahanoy who is proceeding *pro se*, began this action by filing a complaint on March 31, 2021. We construe the complaint as naming two defendants: (1) Imam Abu Abas Moosa Richerson, who Muhammad identifies as the Imam of the Salafi Sect in Pittsburgh with an address in Pittsburgh; and (2) Minister Louis Farrakhan, who Muhammad

identifies as a minister of the Nation of Islam with an address in Chicago.[1] Muhammad filed an application to proceed *in forma pauperis*, which we granted.

The complaint is not clear. Muhammad alleges that he is a follower of the Salafi sect of Islam, but the defendants are involved in a plot to deny him his legal right to practice his religion. It is not clear, however, what specifically the defendants are alleged to have done regarding Muhammad.[2] After pointing out that he is from Chester, Pennsylvania, Richerson is from Pittsburgh, Pennsylvania, and Farrakhan is from Chicago, Illinois, Muhammad alleges that the defendants "are together and a clandestine critical in implicating by way of a inward rigged infest inroads invade noisome 'mental cruelty mental abuse' causing me pain and suffering injuries to my head and throat, denying and rejective depriving me in calumny my legal right to practice 'Freedom of Religion' the Salafi Sect." *Doc. 1* at 3 (here and with respect to later quotations from the complaint, we changed the text changed from all capital letters to make the text more readable; grammar

---

[1] As originally filed, Muhammad's complaint started on page 2 of the form complaint, and it was not clear exactly who Muhammad was naming as defendants. *See doc. 1*. Muhammad later filed the first page of his complaint, which makes clear that he is naming the above two defendants. *See doc. 10*.

[2] From two documents—one titled Interrogatories and the other titled Material Facts—that Muhammad attached to his complaint, it appears that in some manner the defendants have refused to recognize Muhammad as a member of the Salafi sect. *See doc. 1* at 9–10.

errors in original).³ Muhammad also alleges that he is "clairvoyance, clairaudience about this conspiring." *Id.*⁴ And although Muhammad alleges that events giving rise to his claim took place at SCI Mahanoy "as a angry reaction on June 8 2020 up until now about Freedom of Religion," *id.*, it is not clear what, if anything, actually happened at SCI Mahanoy. In the section of his complaint labeled "LEGAL CLAIM(S)," Muhammad states: "Cruel and Unusual Punishment my legal rights as in entrapment, criminal, coercion, conspiracy have been violated. About Freedom of Religion." *Id*. at 4. Muhammad alleges that he suffered "severe injuries to [his] throat and head inward, epiglottis and capitulum." *Id*. He is seeking both monetary damages and unspecified injunctive relief. *Id*.

For the reasons set forth below, we conclude that the complaint fails to state a claim upon which relief can be granted. We will, however, grant Muhammad leave to file an amended complaint.

---

³ Muhammad attaches to his complaint several documents in which he repeats these same allegations. *See doc. 1 at 6–8*. He also alleges in those documents that he went to the prison's medical department and was given medication for his injuries and pain and suffering. *Id*.

⁴ *See* n.3.

3

## III. Screening of *In Forma Pauperis* Complaints—Standard of Review.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true,

construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and

construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

Muhammad contends that he is asserting 42 U.S.C. §1983 claims. *See doc. 10 at 1.* "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under §1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Muhammad's complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8. "Pleadings must be construed so as to do justice." Fed. R. Civ.

7

P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Liberally construing Muhammad's complaint, we nevertheless conclude that it fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(d)(1).

Muhammad's complaint does not contain a short and plain statement of his claims. In fact, is not clear from the complaint what specifically the defendants are alleged to have done that violated Muhammad's rights or how they or their actions are connected to SCI Mahanoy. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests." *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). Here, the complaint

does not provide fair notice of what Muhammad's claims are. Accordingly, the complaint fails to state a claim upon which relief can be granted.

The complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted for an additional reason—Muhammad fails to allege facts from which it can reasonably be inferred that either Richerson or Farrakhan were acting under color of state law, a necessary element of every 42 U.S.C. § 1983 claim.

"Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw,* 164 F.3d 141, 146 (3d Cir. 1998)). The Supreme Court has established several approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002). And the United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'"

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)). "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.,* 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

"[T]he relevant question is not whether the private actor and the state have a close relationship generally, but whether there is 'such a close nexus between the State and *the challenged action* that seemingly private behavior may be fairly treated as that of the State itself.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (emphasis in original) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). "In other words, the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

Here, Muhammad does not allege facts that raise a reasonable inference that the defendants were acting under color of state law. Thus, the complaint fails to

state a 42 U.S.C. § 1983 claim upon which relief can be granted for this reason as well.[5]

Before dismissing a complaint under the screening provision of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, given the liberal standard for leave to amend, we will give Muhammad leave to file an amended complaint to attempt to state a claim upon which relief can be granted.[6]

---

[5] Even if Muhammad could state a § 1983 claim upon which relief can be granted, given that Muhammad has indicated that Richerson is from Pittsburgh and Farrakhan is from Chicago, there may be an issue about whether this court has personal jurisdiction over the defendants. And unless Muhammad can show some tie to this district, there may be an issue about whether venue is proper in this district as well.

[6] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*. In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in

**V. Order.**

For the foregoing reasons, **IT IS ORDERED** that Muhammad is **GRANTED** leave to file an amended complaint within 28 days of the date of this Order. If Muhammad fails to file an amended complaint, we will recommend that this case be dismissed.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
United States Magistrate Judge

---

numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.